**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FRANK K. AUSTIN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-3346-RWS |
| BANK OF AMERICA, N.A., | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**ORDER**

This case comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order [5] and Defendant's Motion to Dismiss [7]. After a review of the record, the Court enters the following order.

**I. Factual Summary**[1]

On August 30, 2005, Plaintiffs executed a security deed in favor of "Treasury Bank, N.A." to secure a promissory note in the amount of $672,200. The security deed named "Mortgage Electronic Registration System" as the grantee under the deed as nominee for the "Lender's" successors and assigns.

---

[1]The facts are taken from the Plaintiff's Complaint and any Exhibits attached thereto. See Dkt. No. [1-1].

The deed also granted MERS the power to "exercise any or all of those interests, including but not limited to, the right to foreclose and sell the property" and granted the Lender the power of sale in the event of an uncured default.

In February 2010, the Plaintiffs suffered a financial hardship and began "falling behind on their mortgage payments." Starting in October 2009, the Plaintiffs contacted their mortgage servicer, BAC Home Loans Servicing ("BAC"), to seek a modification of their mortgage to reduce their monthly payments. In June 2010, Plaintiffs submitted a modification application, and they continued to discuss their modification with BAC who stated that their modification required approval of some outside "investor."

In July 2011, BAC merged into Bank of America, N.A. One month later, on August 12, 2011, the Plaintiffs received a foreclosure notice from the law firm of Shuping, Morse, & Ross, LLP which set a foreclosure sale date of September 6, 2011. This notice identified Bank of America, N.A. as having "full authority to negotiate, amend, or modify all terms of the above described mortgage . . ."

2

On August 16, 2011, Plaintiff Frank Austin reviewed the land records pertaining to his property and found an assignment dated October 27, 2010 which Plaintiffs allege "purportedly" transferred the mortgage on the property from MERS to BAC, but he found no assignment which transferred the mortgage or any security interest to Bank of America N.A. As well, Plaintiffs allege that the assignment was signed by S. Andrew Shuping as Vice-President of MERS, and that because Shuping represented the Defendant, Shuping's signature was made in violation of the Georgia Rules of Professional Conduct. As a result, they argue that the assignment is invalid.[2]

On August 31, 2011, Plaintiffs filed this Complaint in the Superior Court of Gwinnett County, alleging counts of wrongful foreclosure and the Georgia Fair Business Practices Act. Additionally, Plaintiffs' Complaint requests that this court declare and adjudge that Defendant does not have an interest in the property and does not have standing to foreclose. Defendant removed this matter to this Court and has filed a motion to dismiss. The Court will consider each claim in turn.

---

[2]Notably, Plaintiffs do not allege that S. Andrew Shuping was not in fact a Vice-President of MERS.

## I. Wrongful Foreclosure

Defendant argues that Plaintiffs have failed to state a claim for wrongful foreclosure as a foreclosure sale as not yet occurred. In Georgia, a claim for attempted wrongful foreclosure only exists when a foreclosure action was commenced, but not completed, and where the plaintiffs have demonstrated that the defendant "knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result." <u>Sale City Peanut & Milling Co. v. Planters & Citizens Bank</u>, 130 S.E.2d 518, 520 (1963). Here, Plaintiffs have alleged that they had "fallen behind" on their mortgage payments–i.e., they were not current on their loan. Further, they make no allegations that defamatory statements were published against them. <u>See</u> Cmpl., Dkt. No. [1-1] at 10. Thus, Plaintiffs' claim for wrongful foreclosure is **DISMISSED**.[3]

## II. Georgia Fair Business Practices Act

Defendant next moves to dismiss Plaintiff's Georgia Fair Business Practices Act claim because the home mortgage industry is a regulated industry.

---

[3]As well, it is worth noting that Plaintiffs' essentially concede *in judicio* that they cannot bring such a claim. <u>See</u> Pls.' Opp., Dkt. No. [15] at 16 ("Even if the Plaintiffs cannot technically bring an action for wrongful foreclosure . . .").

AO 72A
(Rev.8/82)

The Georgia FBPA "protect[s] consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a). However, this statute does not apply to "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of [Georgia] or the United States." O.C.G.A. § 10-1-396(1). "[T]he legislature 'intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that the FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise.'" Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000) (citing Chancellor v. Gateway Lincoln-Mercury, Inc., 233 Ga. App. 38, 43, 502 S.E.2d 799 (1998)).

Here, the at-issue conduct is regulated within the consumer marketplace. "The area of mortgage transactions is regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act." Reese v. Wachovia Bank, N.A., 2009 U.S. Dist. LEXIS 94802, at *5

AO 72A
(Rev.8/82)

(N.D. Ga. Feb. 23, 2009). Therefore, "[t]he FBPA does not apply to residential mortgage transactions." Id.

While Plaintiffs implicitly concede that the GFBPA does not apply to residential mortgage transactions, Plaintiffs argue that the residential mortgage exemption should not apply to them as the offending conduct occurred in Defendant's post-closing conduct, namely in attempting a non-judicial foreclosure. However, Plaintiff has not pointed this Court to any statute or case which would support this opinion. As residential mortgages are excluded from the Georgia FBPA, Plaintiff's Georgia FBPA claim is **DISMISSED**.

## III. Temporary Restraining Order

Defendant also moves to dismiss Plaintiffs' temporary restraining order claim. Plaintiffs respond that there is "no motion for temporary injunction currently pending." Pls.' Opp., Dkt. No. [15] at 17. Because it appears that the Clerk only docketed the motion for temporary injunction because it was found within Plaintiffs' complaint and Plaintiffs are not actually pursuing a TRO, Plaintiffs' docketed motion [5] is **DENIED** as **MOOT**.

AO 72A
(Rev.8/82)

## IV. Declaratory Judgment

Defendant last moves to dismiss Plaintiffs' claim for a declaratory judgment. In that claim, Plaintiffs ask this Court to declare and adjudge that Defendant does not have a legal claim to the property and that it does not have standing to foreclose. In support of its motion, Defendant has attached a copy of the recorded assignment from MERS to BAC which it argues provides Defendant with both the power of sale and the underlying indebtedness–the note. Because the Court finds that Plaintiffs have challenged this assignment by way of pleading and argument, the Court cannot consider the assignment without converting the motion into one for summary judgment. Therefore, pursuant to Rule 12(d), the Court will convert the motion into one under Rule 56. See FED. R. CIV. P. 12(d) ("If, on motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1268 (11th Cir. 2002) ("The purpose of the rule is to notify the parties that the court may dispose of the case by summary judgment so that the nonmoving

7

party will have an opportunity to marshal its resources . . . and rebut the motion for summary judgment with every factual and legal argument available") (internal quotations omitted).

Defendant has fourteen (14) days from the date of entry of this Order to supplement the Motion. Plaintiffs have twenty-one (21) days from the date of entry on the docket of Defendant's supplement within which to file a response. Defendant shall have fourteen (14) days from the date of entry on the docket of Plaintiff's response within which to file a reply. The submissions to the Court should comply with the requirements of Federal Rule of Civil Procedure 56.

## V. Conclusion

As a result of the foregoing, Defendant's Motion to Dismiss [7] is **GRANTED, in part**. Plaintiffs' wrongful foreclosure and Georgia Fair Business Practices Act claims are **DISMISSED**. However, because the Court finds that it cannot consider the recorded assignment without converting the motion to one for summary judgment, the Court will **RESERVE RULING** on Plaintiffs' declaratory judgment claim until the parties comply with Rule 56. Defendant has fourteen (14) days from the date of entry of this Order to supplement the Motion. Plaintiffs have twenty-one (21) days from the date of

entry on the docket of Defendant's supplement within which to file a response.

Defendant shall have fourteen (14) days from the date of entry on the docket of

Plaintiff's response within which to file a reply.  The submissions to the Court

should comply with the requirements of Federal Rule of Civil Procedure 56.

Additionally, Plaintiffs' TRO request [5] is **DENIED** as **MOOT** as Plaintiffs

have stated they are not pursuing a TRO.

      **SO ORDERED**, this __16th__ day of March, 2012.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)